# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHLOE HAPPE,<br><br>   *Plaintiff*,<br><br>v.<br><br>BLOCK, INC.,<br><br>   *Defendant*. | Case No. |

<u>DECLARATION OF CHRIS GORMAN IN SUPPORT OF NOTICE OF REMOVAL</u>

I, Chris Gorman, declare and state as follows:

1. I am over the age of 18. I am currently Human Resources Lead, Cash App at Block, Inc. ("Block" or the "Company"),[1] and I have worked for Block since approximately September 2012. I am competent to testify, and I make this declaration based on my personal knowledge and/or on the corporate records that Block maintains in the regular course of business that I have access to and have reviewed. I make this declaration in support of Block's Notice of Removal.

2. In my current role, I am familiar with the corporate and organizational structure of Block and its subsidiaries, and I have access to employee personnel records and information, including those of Plaintiff Chloe Happe ("Plaintiff"), which are kept in the normal course of Block's business operations.

3. Based on records and information available to me in my role, Block is a corporation organized under the laws of Delaware, and its principal place of business is in Oakland, California, where its principal executive office is located.

---

[1] Prior to December 2021, Block was known as Square, Inc. For consistency, I will refer to the company as Block even when referring to events occurring prior to December 2021.

4. Although I was not personally involved in the Company's decision to terminate Plaintiff's employment, based on Plaintiff's personnel records: (1) Block hired Plaintiff as a Customer Success Advocate, Cash App in its St. Louis, Missouri location beginning on or around August 19, 2019, and thereafter, she held different business titles; (2) Plaintiff transferred to the Company's San Francisco, California location in or around January 2022, where she held a number of business titles, but returned to Missouri in or around October 2023; and (3) between approximately October 2, 2023 and the termination of her employment on November 21, 2023, Plaintiff was based in Missouri, working for Block in a remote-work position as a Change Management Specialist, Cash App.

5. Based on Plaintiff's personnel records, at the time of Plaintiff's separation of employment in November 2023, Plaintiff's annual base pay was $82,500.00.

6. Based on the Company's records and Plaintiff's personnel records, Plaintiff was awarded restricted stock units ("RSUs") during her employment with Block. Based on the Company's records and Plaintiff's personnel records: (1) at the time of her termination, Plaintiff had approximately 639 unvested RSUs, which she forfeited upon termination, with a value of approximately $44,920; (2) if Plaintiff had remained employed with Block in the last position she held at Block through the date of this removal, approximately 79 of the approximately 639 unvested RSUs would have vested with a value of approximately $5,720; (3) assuming Plaintiff met performance expectations, she would have been awarded, through the Company's 2024 compensation cycle, approximately 257 additional shares with a value of approximately $19,200 (none of these additional approximately 257 shares would have vested by the date of this removal), and Plaintiff's pay would have been increased by approximately 2.5% from $82,500 to approximately $84,563 effective April 1, 2024.

Pursuant to 28 U.S.C. § 1746, I declare under penalty for perjury that the foregoing is true and correct.

Executed May 1, 2024 at San Francisco, California

By: _____
Chris Gorman