IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHLOE HAPPE, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 4:24-cv-00622-SRW |
| ) | |
| v. ) | |
| ) | Filed in the Circuit Court for |
| BLOCK, INC., ) | Lincoln County, Missouri |
| ) | 24L6-CC00056 |
| *Defendant.* ) | |

## **MOTION FOR REMAND**

Plaintiff Chloe Happe files this Motion to Remand this case back to the Circuit Court for Lincoln County, Missouri because Defendant, Block, Inc. ("Block") failed to carry its burden of establishing the amount in controversy to satisfy the requirements for federal court jurisdiction. *See* 28 U.S.C. § 1447(c). Additionally, because Block improperly removed this case, Happe further moves for her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Removal is proper only if the federal court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). This Court must remand the case to state court if it appears that it lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). And "[a]ll doubts about federal jurisdiction should be resolved in favor of

remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Remand is the only appropriate result here.

## ARGUMENT

This case must be remanded because Block has failed to meet its burden to show that the amount in controversy exceeds the jurisdictional threshold of $75,000. While Happe does not deny she may be entitled to an award greater than the jurisdictional minimum, that is not the issue here. Rather, remand is required because Block, who bears the burden of proof for removal, failed to meet its burden by offering only rank speculation and assumptions regarding many of Happe's damages. Because Block only establishes a level of damages well below the jurisdictional minimum of $75,000, the case should be remanded back to state court.

### I. Block has not shown that the amount in controversy at the time of removal exceeds $75,000.

Removal under diversity jurisdiction is proper only with complete diversity *and* an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). No one disputes that the parties are diverse, but the face of the complaint and Block's Notice of Removal lacks sufficient evidence to meet the jurisdictional threshold.

When the face of the complaint fails to allege a specific amount of damages, the *removing* party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (quoting *Advance Am.*

2

*Serv'g of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008)). Yet Block, instead of providing evidence of damages available, merely reserves the right to challenge the various categories of damages Happe seeks in her Petition (see, Notice ¶¶ 18 n.2, 20 n.3, 21 n.4)[1] but then assumes a claim for emotional distress damages and attorney's fees is de facto sufficient to support removal. If that is the case, then virtually every case where such recovery is sought is automatically removable, undermining the limited nature of federal jurisdiction.

**A. Block Provided Evidence Only to Support $44,969.32 in Damages.**

Block points to four categories of damages that it alleges together meet the $75,000 threshold: (1) compensatory damages, including back pay; (2) unvested restricted stock units; (3) statutory damages; and (4) "other unspecified compensatory damages, punitive damages and reasonable attorneys' fees." Notice ¶¶ 18–21. Block bears the burden of proof on this issue but offers nothing more than rank speculation and double-speak, not proof, for each category. Of course, "[s]peculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof." *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). Block must instead provide "some specific facts or evidence demonstrating that the

---

[1] Block "expressly preserves its right to argue" (at ¶ 18 n.2) that Happe "cannot seek compensatory damages" because they "are not expressly provided for by Missouri Revised Statute § 130.028." Block also "expressly reserves the right to argue" (at ¶ 20 n.3) that only one statutory violation occurred, so only $1,000 in statutory penalties could be recovered. And Block "expressly reserves its right to argue" (at ¶ 21 n.4) that Happe "cannot seek punitive damages" because they "are not expressly provided for by Missouri Revised Statute § 130.028."

3

jurisdictional amount has been met." *Id.* For multiple reasons, Block has failed to do so.

*First*, Block's allegations on compensatory damages rely on "[a]ssuming [Happe] met performance expectations," to receive a raise. Notice ¶¶ 18, 19; Ex. B to Notice, Decl. C. Gorman ¶ 6. Even with that assumption, Block calculates Happe's potential lost wages as of the date of removal as only $37,249.32.

*Second*, Block relies on Happe's loss of restricted stock units, but notes that units valued at only $5,720 would have vested as of the date of removal. Notice ¶ 19; Ex. B to Notice, Decl. C. Gorman ¶ 6. Of course, in the Eighth Circuit, "[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." *Burns v. Mass. Mut. Life. Ins. Co.*, 820 F.2d 246, 249 (8th Cir. 1987). Accordingly, this is the maximum amount that would count toward establishing jurisdiction for removal purposes.

*Third*, Block acknowledges that statutory damages are recoverable, but challenges the amount sought ($2,000) by claiming there was only one violation, capping those damages at $1,000. Mo. Rev. Stat. § 130.028(4).

Other than these elements, Block only speculates that the other elements of damages, specifically, emotional distress, punitive damages, and attorney's fees must make up the difference to reach the jurisdictional minimum. That is because the three elements of damages for which Block offers any evidence totals $44,969.32 as of the date of removal. With no further evidence to support removal, the case should be remanded to state court.

4

## B. Block being Unable to Establish the Jurisdictional Minimum, this Matter should be Remanded.

Block relies on "unspecified compensatory damages, punitive damages[,] and reasonable attorneys' fees" to support the jurisdictional limits, but such speculation is insufficient. In support of its position, Block relies on *Pleasant v. Noble Fin. Corp.*, 54 F.Supp.3d 1071, 1080 (W.D. Mo. 2014) to argue that these unquantified damages should be considered for the amount in controversy. Notice ¶ 21. But that case *rejected* an attempt to consider such unquantified damages because the "[d]efendant presented no specific facts or evidence such that a fact-finder could reasonably conclude that the amount in controversy exceeds the jurisdictional amount." *Pleasant*, 54 F.Supp.3d at 1080. Like Block here, that "[d]efendant did not proffer any analogous case law or hypothetical itemization of damages to show that the punitive damages and attorney fees, when added to the actual damages, would raise the sum over $75,000." *Id.* at 1080. Absent some basis for calculating these amounts, Block fails to satisfy its burden to establish jurisdiction for removal.

Block also cites two non-binding cases to argue that the jurisdictional threshold is met "where the alleged compensatory damages are less than $75,000 but other items of damage are requested and available." Notice ¶ 23 (citing *Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013); *White v. U.P.S.*, No. 4:11CV00707 AGF, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012)). But those cases support Happe's point here that the "existence of the required amount must be supported by competent proof," *Polites*, 2013 WL 2420674, at *2 (quoting *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994)), and that

5

"such proof may include evidence of similar cases in which punitive damages were awarded," *Id.* Yet, Block offers no such proof.

Block also offers no cases or analysis on how to evaluate Happe's claim for emotional distress for jurisdictional purposes.  Further and in addition to Block's offering no potential amount of punitive damages, the Eighth Circuit requires that a claim for punitive damages be "scrutinize[d] … more closely than a claim for actual damages to ensure that Congress's limits on diversity jurisdiction are properly observed." *Missouri ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Block points to no allegations in the Petition when considered in light of other similar cases (none identified) that would support a certain amount that would in turn meet the amount in controversy requirement.  "Moreover, 'while punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof.'" *Rosenbloom v. Jet's Am., Inc.*, 277 F. Supp. 3d 1072, 1075 (E.D. Mo. 2017) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007)).  Yet, Block offers nothing to support what amount it suggests could be awarded that would meet the jurisdictional minimum.

This leaves only the issue of Happe's attorney's fees.  Here, Block notes only that Happe has hired multiple attorneys.  Notice at ¶ 22.  Yet, Block must establish what amount of attorney's fees are at issue and to be included rather than effectively saying attorney's fees more than make up the jurisdictional shortfall.  Evidence of attorney's fees "may include citations to similar cases in which … attorney's fees were

6

awarded." *Wright v. USAA Cas. Ins. Co.*, No. 4:14–CV–01525–CEJ, 2014 WL 5093399, at *2 (E.D. Mo. Oct. 10, 2014) (citing *Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186-CEJ, 2014 WL 1316245 (E.D. Mo. Apr. 2, 2014)). But, again, Block offers no comparable cases to support its argument that the jurisdictional minimum has been met.

On this point, *Wright* provides a useful contrast to this case. In *Wright*, this Court held that the removing defendant's attorney affidavit and report discussing the costs of litigating allegedly similar cases—an affidavit and report more than Block presents here—were insufficient to meet defendant's burden to show $19,850 in attorney fees were in controversy. *Id.*

In short, the only case Block has cited here undermines its position and fails to provide any evidence of what other courts have awarded in similar cases under the relevant statutes. This Court should thus follow the *Pleasant* court's lead and resolve "[a]ll doubts about federal jurisdiction … in favor of remand to state court." *Pleasant*, 54 F.Supp.3d at 1080 (quoting *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir. 2010)). Again, it was Block's burden to establish the jurisdictional minimum and not simply assume it has been met given the nature of the case. Once Block's unfounded assumptions are cleared away, we are left with at most $37,249.32 in backpay; $5,720 in lost stock units; $2,000 in statutory penalties for a total of $44,969.32, or $30,030.68 short of the jurisdictional minimum. Block having failed to satisfy its burden here, remand is appropriate.

**II. Block Should Pay Happe's Costs and Attorney Fees.**

Because remand is appropriate due to Block failing to meet its burden of establishing jurisdiction, this Court should award Happe her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "considerable discretion" to determine whether a fee award is proper. *Wells Fargo Bank W., Nat'l Ass'n v. Burns*, 100 F.App'x 599, 599 (8th Cir. 2004). And such an award is proper when "the removing party lacked an objectively reasonable basis for seeking removal." *Covenant Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005)).

Block's removal of this case was improper. It is not apparent from the face of the complaint that more than $75,000 is in controversy. And Block's attempt to bridge the gap between the damages for which it presented evidence and the jurisdictional threshold by relying on speculative damage amounts while challenging whether such damages are even recoverable is simply insufficient to meet Block's burden. Accordingly, an award of attorney's fees on remand is warranted. *See, e.g., Genesis Health Clubs, Inc. v. Stoker*, No. 4:20 CV 1608 JMB, 2021 WL 6496819, at *2 (E.D. Mo. Jan. 11, 2021) (awarding fees where damages failed to meet threshold and counterclaim could not satisfy threshold as matter of law).

## CONCLUSION

Block deals in speculation where evidence is required. Because Block failed to meet its burden of presenting actual evidence that the jurisdictional minimum

8

amount in controversy has been satisfied, this case must be remanded to the Circuit Court for Lincoln County, Missouri. In ordering Remand, Happe requests that Block be required to pay her costs and attorney fees related to this Motion.

                                                 Respectfully submitted,

***Timothy Belz***
Timothy Belz #MO-31808
CLAYTON PLAZA LAW GROUP, LC
112 South Hanley, Suite 200
Clayton, MO 63105
(314) 726-2800
Fax (3140 863-3821
tbelz@olblaw.com

_____
Gene C. Schaerr*
H. Christopher Bartolomucci*
Edward H. Trent*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

\* Motions for Admission Pro Hac Vice are forthcoming

Dated May 23, 2024                            *Counsel for Plaintiff*

### Certificate of Service

The undersigned hereby certifies that the foregoing document was served on all registered parties on this 23rd day of May, 2024, using the Court's online filing system.

                                                /s/ ***Timothy Belz***