**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHLOE HAPPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00622-MTS |
| | ) | |
| BLOCK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts.  *See Morgan Stanley Smith Barney LLC v. Johnson*, 952 F.3d 978, 980 n.2 (8th Cir. 2020).  Therefore, before the Court can determine whether to stay the proceedings here pursuant to 9 U.S.C. § 3 and the parties' Joint Motion to Stay, the Court must be assured it has diversity jurisdiction under 28 U.S.C. § 1332(a) as asserted in the Notice of Removal.  *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Brooks v. City of Des Moines*, 844 F.3d 978, 979 (8th Cir. 2016) ("Lack of the jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." (quoting *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004))); *cf. Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 854 (9th Cir. 2011) (explaining "[t]he express terms of the [FAA] do not allow a district court to abstain from granting relief *in cases where its jurisdiction is proper*" (emphasis added)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Unopposed Motion Seeking Clarification, Doc. [21], is **GRANTED**. The Court will not rule on the Joint Motion to Stay, Doc. [16], until it has ruled on the Motion to Remand, Doc. [15].

**IT IS FURTHER ORDERED** that Defendant shall file any opposition to the Motion to Remand, Doc. [15], no later than **Tuesday, June 18, 2024**.

Dated this 5th day of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE