**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHLOE HAPPE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BLOCK, INC., ) <br> ) <br> Defendant. ) | Case No. 4:24-cv-622-MTS |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Chloe Happe's Motion for Remand, Doc. [15]. Plaintiff initially filed her Petition, Doc. [7], in the Circuit Court of Lincoln County, Missouri. Defendant Block, Inc. then removed this action to this Court pursuant to 28 U.S.C. § 1441(a). Doc. [1]. Now, Plaintiff seeks remand because she says Defendant has failed to establish the amount in controversy exceeds $75,000. *See id.* § 1332(a). For the reasons that follow, the Court will deny Plaintiff's Motion.

**I.   Background**

Plaintiff is a former employee of Block, Inc., but was allegedly fired because of two posts made on X, the social networking platform formerly known as Twitter. Doc. [7] ¶ 1. Happe maintained a "pseudonymous, satirical account" on X under the assumed identity of a "'citizen' of Kurdistan." *Id.* ¶ 2. Happe then allegedly operated the account—named "shawtisattva"—under the guise of a "Kurdistani woman who takes care of sheep and goats . . . and posts on X while waiting for her husband to return from working." *Id.* ¶ 17. In her first post ("the Refugee Post"), Happe "described people fleeing Gaza and coming to her [] location in Kurdistan," and her second post, dubbed "the Restroom Post," contained both disability and transgender references. *Id.* ¶¶ 22-

23. Plaintiff alleges that these posts were made during non-working hours and while away from the workplace. *Id.* ¶ 25. Happe voluntarily deleted both posts. *Id.* ¶¶ 22, 24. Block then arranged for a call with Happe and its HR department regarding the posts and ultimately terminated Happe on November 21, 2023, claiming the posts violated company policy. *Id.* ¶¶ 26, 30.

Happe filed this action seeking relief for her alleged unlawful termination. *Id.* ¶ 38. Defendant then removed the action based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Doc. [1]. Now, Plaintiff seeks remand.

**II.    Discussion**

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen*, 511 U.S. at 377). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Typically, removal statutes are strictly construed, and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

The federal removal statute, 28 U.S.C. § 1446, provides that a defendant must file a notice of removal within thirty days after receipt of an "initial pleading setting forth the claim for relief for which such action of proceeding is based." 28 U.S.C. § 1446(b)(1). To establish diversity, the pleadings must adequately set forth the citizenship of the parties. *Barclay Square Props. v. Midwest Fed. S&L*, 893 F.2d 968, 969 (8th Cir. 1990). Here, the parties do not dispute that

2

complete diversity is present.[1]  Rather, the sole dispute is whether the amount in controversy exceeds $75,000 as required for diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a).

Where the defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *see also Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1035 (E.D. Mo. 2004) (explaining that "where no amount of damages is pled in the state court complaint, the appropriate burden of proof regarding the amount in controversy. . . is 'preponderance of the evidence'" (citation omitted)).  Ordinarily, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  However, here, Plaintiff has contested that the jurisdictional threshold has been met, and as such, Defendant must establish that removal is proper by the preponderance of the evidence. *Id.* at 88.

Defendant points to Plaintiff's request for compensatory damages, the value of her restricted stock units ("RSUs"), statutory damages, punitive damages, and reasonable attorneys' fees as sufficient to meet the jurisdictional threshold.  Doc. [1] ¶¶ 18-21.  Defendant has made a plausible allegation and submitted evidence that established by a preponderance of the evidence the amount in controversy is met.  *Dart Cherokee*, 574 U.S. at 88; *see also* 28 U.S.C. § 1446(c)(2)(B).  Even through only the date of removal, Plaintiff's lost earnings and lost stock options alone exceed the amount in controversy.[2]  *See Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1062 (8th Cir. 2002) (citing *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1243 (10th Cir. 2000)

---

[1] Plaintiff is a "citizen and domiciliary of Lincoln County, Missouri," and Defendant Block, Inc. is "organized under the laws of the State of Delaware and has its principal place of business in California." Doc. [7] ¶ 5; Doc. [1] ¶ 12.
[2] Specifically, Plaintiff's potential lost wages are approximately $37,249.32, while her vested RSUs amount to $5,720 and unvested RSUs at the time of termination amounted to $44,920, for a total of $87,88.32. Doc. [1] ¶¶ 18-19.

(allowing for recovery of lost stock options that would have vested, but for the illegal termination)).  Factoring in attorney's fees, civil damages, and possible punitive damages, Defendant easily meets its burden of preponderance of the evidence.

Since Defendant "has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."  *Bell*, 557 F.3d at 956.  Plaintiff has not done so.  Indeed, Plaintiff has admitted as much.[3]  Doc. [15] (stating she "does not deny she may be entitled to an award greater than the jurisdictional minimum").  As such, the Court has jurisdiction and will deny Plaintiff's Motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [15], is **DENIED**.

Dated this 5th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's acknowledgment in her own Motion to Remand that she may be entitled to an award greater than the jurisdictional minimum itself might well have been sufficient to establish the amount in controversy.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that a judicial admission may establish the amount in controversy); *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) (per curiam) (noting that in determining whether the amount in controversy is satisfied for removal, a court may consider "judicial admissions made by the plaintiffs").